## Riggin Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Roger M. Whiteman* and *John Linwood Owens*, for petitioner.

*Mercer D. Tate*, for administrator pendente lite.

*Morgan, Lewis & Bockius*, for respondent.

KLEIN, P. J., June 29, 1966.—Archie T. Riggin died February 7, 1966, intestate, a resident of Philadelphia. On February 10, 1966, a woman calling herself Mildred J. Riggin, claiming to be decedent's widow, applied for letters of administration and paid the register's fees of $31, of which $28 was for the issuance of the letters and $3 was the cost of three short certificates. The certificates were delivered to her counsel. The register ordered that bond be entered in the sum of $20,000. This was done with Hartford Accident and Indemnity Company as surety. The next day, February 11, 1966, Janet R. Wilson, decedent's daughter, a resident of California, filed a caveat with the register requesting him not to issue letters of administration.

Although the bond had been entered and the short certificates issued, *letters of administration had not been granted by the register*.

On February 11th, the register entered a decree revoking and annulling the short certificates which had been issued to Mildred J. Riggin, indicating that she had been appointed administratrix, and granted letters of administration *pendente lite* to Floyd W. Tompkins, a member of the Philadelphia bar.

Mildred J. Riggin has appealed from the decree of the register of wills.

In her petition, filed with this court, she alleges that she "was the lawful spouse of said decedent and is his lawful widow".

In the answer to this petition, filed by decedent's daughter, she averred that: "It is denied that Petitioner's name is Mildred J. Riggin and that Petitioner was

the lawful spouse of said decedent and is his lawful widow. On the contrary it is averred that Petitioner's name is Mildred J. Howard".

The answer, under new matter, sets forth:

"12. Respondent avers that on February 8, 1966, the day after the death of her father, Archie T. Riggin, the Petitioner stated to the Respondent that she, the Petitioner, was the common law wife of decedent. She made no claim to have been his wife at the time of his death or at any other time by reason of a ceremonial marriage. Respondent avers that Petitioner's claimed status as a common law wife was not set forth in her application for Letters of Administration and no hearing on such a claimed status has been had either before the Register of Wills or before your Honorable Court. Respondent, after reasonable investigation, further avers that Petitioner was at no time the common law wife of Archie T. Riggin".

Reply was made to the averments of this paragraph, as follows:

"12. It is denied that the petitioner ever stated to Janet R. Wilson that the petitioner was the common law wife of the decedent nor did petitioner make any claim to Janet R. Wilson that petitioner had not been his wife at the time of death or any other time by reason of a ceremonial marriage. Petitioner is the lawful wife of Archie T. Riggin".

Preliminary objections were filed in behalf of the daughter, claiming that she is entitled to a reply averring specifically whether petitioner claims to be decedent's wife as a result of a ceremonial marriage or by reason of a common law marriage.

We are all of one mind that the preliminary objections must be sustained. Petitioner's averment that she is "the lawful wife of Archie T. Riggin" is a conclusion of law. It is the principal issue which the court will be called upon to determine in these proceedings, as her interest in this estate and its administration depends

entirely upon her ability to establish that she had been married to decedent.

Petitioner's conduct is extremely suspicious, and she has not been frank with the court or with the respondent. The only interest she asserts in this estate is as decedent's surviving wife, but she carefully evades telling whether her marriage was solemnized by ceremony performed in accordance with law or was a common law marriage. How can the daughter properly prepare to challenge appellant's claim unless she is informed with particularity of all of the circumstances attending the alleged marriage, such as when and where it took place, and whether it was a ceremonial or common law marriage?

It is apparent from the statement made by Mr. Whiteman, counsel for appellant at the argument before the court en banc, that her claim is based upon an alleged common law marriage. In Stauffer Estate, 372 Pa. 537, 541 (1953), Mr. Justice Allen M. Stearne quoted with approval the following extract from the landmark opinion of President Judge Keller in Baker v. Mitchell, 143 Pa. Superior Ct. 50, 54, 17 A. 2d 738:

"The law of Pennsylvania *recognizes* common law marriages. But they are a fruitful source of perjury and fraud, and, in consequence, they are to be *tolerated, not encouraged;* the professed contract should be examined with great scrutiny, . . ."

Appellant's cause is not being advanced by her evasiveness. Decedent's daughter is entitled to a full disclosure with respect to the alleged marriage in order to enable her to prepare her case.

### DECREE

And now, June 29, 1966, the preliminary objections are sustained. Leave is granted to Mildred J. Riggin to file a responsive reply to the new matter set forth in respondent's answer, in accordance with this opinion, within 15 days of this date.